**GUO TANG ZHEN, also known as Guo Tuan Zheng, Petitioner,**

v.

**Alberto R. GONZALES [1], Attorney General of the United States, Respondent.**

No. 04–1264–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

Karen Jaffe, New York, NY, for Petitioner.

David L. Huber, United States Attorney for the Western District of Kentucky, Monica Wheatley, Assistant United States Attorney, Louisville, KY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Guo Tang Zhen petitions for review of the BIA's February 2004 decision in which the BIA affirmed Immigration Judge ("IJ") Brigitte LaForest's order denying Zhen's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering him removed. We assume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

 Assuming (contrary to the IJ's finding) that Zhen testified credibly, he failed to establish a nexus to one of the protected statutory bases. The alleged persecution feared by Zhen is based on his asserted belief that the village chief reported him to the police for "assault of a government official and 'anti-revolution.'" Zhen admits that he belonged to no organizations or political groups. He further admits that the village chief reported him to authorities only after he assaulted him. The only actions alleged by Zhen that could be considered politically motivated were those of his father's disagreement with the village chief's tax assessments. The fact that the village chief became insistent with respect to his father's obedi-

ence towards the country's tax law is not a basis for claiming persecution. The evidence merely suggests that Zhen lost his temper in the face of persistent tax collectors and consequently committed assault. And Zhen does not raise a persecution claim based on imputed political opinion within his petition and has thus waived such an argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

 Zhen also argues that he will face imprisonment upon his return due to the fact that he illegally departed the country. Although Chinese law does provide for a sentence of imprisonment if a person illegally departs the country, the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. *See Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir. 2002) (*per curiam*). Therefore, there was substantial evidence to support the IJs denial of Zhen's asylum application on the basis that he failed to establish a nexus to a protected ground.

Because asylum and withholding of deportation "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d at 71. Because Zhen did not argue his CAT claim in his petition for review to this Court, his claim is deemed waived and will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).